IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION


BROADCAST MUSIC, INC., et al.,       :
                                      :
            Plaintiffs,               :
                                      :
      v.                              :      CIVIL ACTION NO.
                                      :      1:04-CV-3546-JOF
BOOGIE DOWN PRODUCTIONS,              :
INC., doing business as Club Mirage,  :
and JEFF BRYANT, Individually,        :
                                      :
            Defendants.               :


## OPINION AND ORDER


This matter is before the court on Plaintiffs' motion for default judgment [5].

I.     Background

      A.     Procedural History

      On December 6, 2004, Plaintiffs[1] filed suit for copyright infringement against

Defendants, Boogie Down Productions, Inc. (hereinafter "Boogie Down"), doing business as

Club Mirage, and Jeff Bryant.   On February 22, 2005, the Clerk of the Court entered

---

[1] ABKCO Music, Inc., Jeffrey Irwin Bass, Curtis Bedeau, Broadcast Music, Inc., Careers BMG Music Publishing, Inc., Gerald Charles, Hugh Clarks, Kenneth Brian Edmonds, Ensign Music Corporation, Brian George, Lucien George, Paul A. George, Dolly Parton, R. Kelly Publishing, Inc., Clarence Alexander Scarborough, Sony/ATV Songs, LLC, Stone Diamond Music Corp., Warner-Tamerlane Publishing Corp., Zomba Songs, Inc.

Defendant Bryant into default.  The Clerk of the Court entered Defendant Boogie Down into default on September 12.  Plaintiffs filed for default judgment on November 21.

**B.      Facts**

Plaintiff Broadcast Music, Inc., is a corporation organized under the laws of New York that has been granted the right to license the public performance rights of many copyrighted musical compositions including eleven which were used by Defendants.  Cmplt., ¶ 3. Defendant Boogie Down is a corporation organized under the laws of Georgia.  Cmplt., ¶ 5. Defendant Boogie Down maintains an establishment known as Club Mirage.  *Id.*  At this location Defendant Boogie Down publicly performs musical compositions or directs such compositions to be performed.  *Id.*

Defendant Bryant is an officer of Defendant Boogie Down and has the right and ability to supervise the activities of Defendants Boogie Down.  Cmplt., ¶¶ 6 & 7.  Defendants publicly performed eleven different compositions owned by Plaintiffs without Plaintiffs' authorization.  Cmplt., ¶ 9.

**C.      Contentions**

Plaintiffs contend that Defendants' actions violate Title 17 of the United States Code. Plaintiffs ask this court that Defendants be enjoined and restrained from infringing, in any manner, the copyrighted musical compositions pursuant to 17 U.S.C. §   502.  Plaintiffs also seek, pursuant 17 U.S.C. §   504(c), statutory damages in the amount of $3,000.00 for each of

2

the eleven infractions.   Finally, Plaintiffs request that Defendants be ordered to pay Plaintiffs' costs, including reasonable attorney's fees, pursuant to 17 U.S.C. § 505.

## II.   Discussion

A court may grant default judgment on claims brought by plaintiffs that are legally sufficient and supported by well-pleaded allegations.   *McCoy v. Johnson*, 176 F.R.D. 676, 679 (N.D. GA. 1997) (Forrester, J.).   Nevertheless, an entry of default judgment is only warranted where the facts alleged in the complaint, which are deemed admitted by virtue of default, are sufficient to establish the claim for which relief is sought.   *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

Furthermore, a "judgment by default may not be entered without a hearing unless the amount claimed is a liquidated sum or one capable of mathematical calculation."   *United Artists Corp. v. Freeman*, 605 F.2d 854, 857 (5th Cir. 1979); *see also* Fed. R. Civ. P. 55(b); *Patray v. Northwest Publ'g, Inc.,* 931 F. Supp. 865, 869 (S.D. GA. 1996).   The claimant "cannot satisfy the certainty amount simply by requesting a specific amount.   He must also establish that the amount is reasonable under the circumstances."   *Patray*, 931 F. Supp. at 869.

The holders of copyrights in musical compositions possess the exclusive right to authorize public performances of their works.   *See* 17 U.S.C. § 106(4).   A club which publicly performs musical compositions without its owner's statutory rights are subject to a permanent injunction prohibiting such action under 17 U.S.C. § 502(a), and statutory damages under 17

3

U.S.C. § 504(c). *Broadcast Music, Inc. v. Entertainment Complex, Inc*. 198 F. Supp. 2d 1291, 1296 (N.D. Ala. 2002).

Here, relying on the complaint, the court finds that Plaintiffs have copyrights in the eleven compositions played at Defendants' location on various occasions. Further, Plaintiffs did not authorize Defendants the right to publicly perform these compositions. Therefore, Plaintiffs are entitled to a permanent injunction, prohibiting future infringements, pursuant to 17 U.S.C. § 502(a). The court GRANTS Plaintiffs' motion for default judgment as to their request for a permanent injunction prohibiting future infringements.

Moreover, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c). Under 17 U.S.C. § 504(c), Plaintiffs may receive statutory damages between $750 and $30,000 per copyrighted work. For the eleven copyrighted compositions, Plaintiffs seek damages in the amount of $33,000.00, or $3,000 per copyrighted composition.

In support of their calculation of statutory damages, Plaintiffs have submitted an affidavit of Lawrence Stevens, who testifies that Plaintiff BMI had attempted to license Club Mirage through repeated contacts via telephone and in writing commencing in May 2001. He further avers that had Defendants been licensed since 2001 through the present, Plaintiffs would have received approximately $11,000.

The court finds that an award of $33,000 is just and acceptable under the circumstances. First, the court finds that $3,000 per occurrence is at the lower end of acceptable limits permitted by 17 U.S.C. § 504(c). Further, the court finds that in a similar

4

case of a club using the same Plaintiffs' works without authorization, the court awarded a sum of $3,909.09 per occurrence for a total of $43,000. *Broadcast Music, Inc.,* 198 F. Supp. 2d 1291, at 1296. Lastly, the sum is also approximately three times the amount of licensing fees that Defendants would have owed to Plaintiffs, $11,000.00, which courts have generally upheld as an appropriate sanction to ensure that the cost of violating the copyright laws is substantially greater than the cost of complying with them. *See Chi-Boy Music v. Charlie Club, Inc.,* 930 F.2d 1224, 1229-30 (7th Cir.1991); *Broadcast Music, Inc. v. Entertainment Complex, Inc.,* 198 F. Supp. 2d 1291, at 1296*; Dream Dealers Music v. Parker*, 924 F. Supp. 1146, 1153 (S.D. Ala.1996); *Major Bob Music v. Stubbs,* 851 F. Supp. 475, 481 (S.D. Ga.1994). Therefore, the court GRANTS Plaintiffs' motion for default judgment as to their request for damages in the amount of $33,000.

Finally, Plaintiffs seek reimbursement for costs incurred in bringing this action, including reasonable attorneys' fees. Costs and reasonable attorneys' fees may be awarded, in the court's discretion, to the prevailing party in an infringement action. 17 U.S.C. § 505. "The Eleventh Circuit has adopted a lenient standard for granting fees, concluding that the [Copyright Act] does not condition an award of costs and fees on the showing of a frivolous suit or a willful infringement . . . ." *Dream Dealers*, 924 F. Supp. at 1153 (quoting *Major Bob*, 851 F. Supp. at 482). In order to analyze an application for attorney's fees, the court must first "multiply hours reasonably expended by a reasonable hourly rate." *Norman v. Housing Auth.*, 832 F.2d 1292, 1299 (11th Cir. 1988). "A reasonable hourly rate is the

5

prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* "Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work." *Id.* If a party provides only an affidavit of the attorney who performed the work, the court must apply "its own knowledge and expertise concerning reasonable and proper fees." *Id.* at 1303.

Here, Plaintiffs have only provided the affidavit of Alicia Grahn Jones, the attorney for the Plaintiffs, as support for the fact that her rate and the rates of those working with her are appropriate. This evidence is insufficient for the court to find that these rates are reasonable. Nonetheless, the court, applying its own knowledge, finds that the fees of $180 per hour, for Alicia Grahn Jones, an associate at Kilpatrick Stockton, $250 per hour for Catherine Fienning Hart, a senior associate at Kilpatrick Stockton, and $520 per hour for Joseph M. Beck, a partner of more than twenty years at Kilpatrick Stockton, are reasonable hourly rates in the Atlanta market for similar services by lawyers of reasonably comparable skills, experience, and reputation.

The court must next look at whether the hours charged are reasonable, excluding "excessive, redundant or otherwise unnecessary" hours. *Id.* at 1301 (citation and quotation omitted). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). That burden includes "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." *Id.* (citing *Norman*, 836 F.2d at 1303).

6

Having reviewed Plaintiffs' attorneys' billing sheets, the court finds that the hours charged were reasonable.   The court also finds Plaintiffs' costs of $1,263.03 to be reasonable. Therefore, the court GRANTS Plaintiffs' motion for default judgment as to its request for attorneys' fees in the amount of $4,566.50 and costs in the amount of $1,263.03.

**III.     Conclusion**

The court GRANTS Plaintiffs' motion for default judgement.   Defendants are enjoined from infringing Plaintiffs' copyrighted compositions in the future and are ordered to pay Plaintiffs $33,000 in damages, $4,566.50 in attorney's fees and $1,263.03 in costs.

**IT IS SO ORDERED** this 9th day of May 2006.


_____s/ J. Owen Forrester_____
J. OWEN FORRESTER
SENIOR UNITED STATES DISTRICT JUDGE

7